# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 14, 2014

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**SUSAN K. WILLIAMS,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1237** (BOR Appeal No. 2047142)
                      (Claim No. 2012000476)

**HOUCHENS FOOD GROUP, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Susan K. Williams, by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Houchens Food Group, Inc., by Michael N. Watson, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 21, 2012, in which the Board affirmed an April 18, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 13, 2011, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Williams worked as a grocery store clerk at Save-A-Lot for Houchens Food Group, Inc. On May 25, 2011, Ms. Williams allegedly injured her right shoulder while moving pallets at work. Ms. Williams did not report the injury to Houchens Food Group, Inc. Ms. Williams also did not seek medical treatment for her injury until June 29, 2011, when she went to Tri-County Healthcare Clinic. Ms. Williams then reported the injury and applied for workers' compensation benefits. Mary Rifle, the store manager at Save-A-Lot, submitted an affidavit stating that she did not learn of Ms. Williams's injury until she filed her application for benefits. On July 13, 2011, the claims administrator rejected Ms. Williams's claim. Ms. Williams then sought treatment

1

from Shafic Sraj, M.D., who found that she sustained a brachial plexus injury in the right shoulder and closed dislocation of the acromioclavicular joint. Ms. Rifle was then deposed and stated that Ms. Williams did not report her injury when it occurred. Ms. Rifle stated that she viewed surveillance tapes from May 25, 2011, which showed Ms. Williams continuing to work after the time of her alleged injury and even carrying heavy items with either arm. On April 18, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review then affirmed the Order of the Office of Judges on September 21, 2012, leading Ms. Williams to appeal.

The Office of Judges concluded that the preponderance of the evidence failed to establish the compensability of the claim. The Office of Judges also concluded that Ms. Williams's failure to inform the necessary parties regarding her injury weighed against the credibility of her subsequent testimony. Finally, the Office of Judges concluded that Ms. Williams's testimony was not supported by the testimony of other employees, who could have been called to support her claim. There was video surveillance of Ms. Williams's actions on May 25, 2011, the date of the alleged injury, which the Office of Judges determined was consistent with Ms. Rifle's deposition testimony. The Office of Judges found that this video surveillance and her failure to seek prompt medical treatment undermined Ms. Williams's credibility. The Office of Judges found that Dr. Sraj's treatment notes confirmed the presence of an injury but also determined that Dr. Sraj merely based his report of the injury on Ms. Williams's account. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Williams did not present sufficient credible evidence to demonstrate that she sustained an injury to her right shoulder in the course of and resulting from her employment. The treatment records from Tri-County Healthcare Clinic and Dr. Sraj show that Ms. Williams has sustained an injury to her shoulder. However, the only evidence that relates this injury to her work is Ms. Williams's own testimony, which the Office of Judges determined was not credible. There is nothing in the record indicating that the Office of Judges abused its discretion in making this determination. Ms. Williams's testimony is insufficient to support her application for workers' compensation benefits in light of her failure to promptly seek medical attention for her injury or report the injury to Houchens Food Group.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   April 14, 2014**

2

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II